# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL SANCHEZ, JR.,<br>Petitioner,<br>v.<br>EDWARD BORLA,<br>Respondent. | Case No. 1:25-cv-01675-SAB-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF Nos. 1, 9) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 7, 8, 10.)

**I.**

**BACKGROUND**

On November 23, 2021, Petitioner was convicted by a jury in the Fresno County Superior Court of making criminal threats. On January 4, 2022, Petitioner was sentenced to an imprisonment term of eleven years. (LDs[1] 1, 2.) On December 29, 2022, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2). Petitioner did not seek review in

[1] "LD" refers to the documents lodged by Respondent on February 10, 2026. (ECF No. 11.)

the California Supreme Court. (ECF No. 9 at 1.[2]) Subsequently, Petitioner filed seven post-conviction collateral challenges related to his conviction.

On November 18, 2025,[3] Petitioner constructively filed the instant federal petition for writ of habeas corpus. (ECF No. 1.) On January 29, 2026, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period. (ECF No. 9.) Petitioner filed an opposition, Respondent filed a reply, and Petitioner filed an unauthorized surresponse.[4] (ECF Nos. 12–14).

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

[3] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applied the mailbox rule in the motion to dismiss. (ECF No. 9 at 2 n.1.)

[4] In the interest of justice, the Court will consider Petitioner's arguments set forth in the unauthorized surresponse.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, as Petitioner did not appeal to the California Supreme Court, his judgment became final when his time for seeking review with the state's highest court expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). The time to seek review with the California Supreme Court expired on February 7, 2023, forty days after the Court of Appeal's decision was filed. See Cal. R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision . . . is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of Appeal decision is final in that court."). The one-year limitation period commenced running the following day, February 8, 2023, and absent tolling, was set to expire on February 7, 2024. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

**B. Statutory Tolling**

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). A habeas petition that is untimely under state law is not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). Therefore, "none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period." Curiel v. Miller, 830 F.3d 864, 868 (9th Cir. 2016) (en banc) (citing Evans v. Chavis, 546 U.S. 189, 197 (2006)). "[I]f a California court dismisses a habeas petition without comment, or even if it reviews a petition on

the merits without discussing timeliness, a federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.'" Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Chavis, 546 U.S. at 197–98).

California courts apply a general "reasonableness" standard to determine whether a state habeas petition is timely, Carey v. Saffold, 536 U.S. 214, 222 (2002), and employ the following "three-level analysis for assessing whether claims in a petition for writ of habeas have been timely filed":

> First, a claim must be presented without *substantial delay*. Second, if a petitioner raises a claim after a substantial delay, we will nevertheless consider it on its merits if the petitioner can demonstrate *good cause* for the delay. Third, we will consider the merits of a claim presented after a substantial delay without good cause if it falls under one of *four narrow exceptions*[.]

Robinson v. Lewis, 9 Cal. 5th 883, 898 (2020) (footnote and internal quotation marks omitted) (quoting In re Reno, 55 Cal. 4th 428, 460 (2012)). The following three of the four exceptions are relevant to noncapital cases:

> (1) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (2) that the petitioner is actually innocent of the crime or crimes of which he or she was convicted; and (3) that the petitioner was convicted or sentenced under an invalid statute.

Robinson, 9 Cal. 5th at 898 (internal quotation marks and citations omitted). Further, "[a] new petition filed in a higher court within 120 days of the lower court's denial will never be considered untimely due to gap delay." Id. at 900.

1. First State Petition

The Fresno County Superior Court denied Petitioner's first state petition on March 15, 2022. (LDs 3, 4.) As Petitioner's first petition was filed and denied before the one-year limitation period commenced, Petitioner is not entitled to statutory tolling for the period during which this petition was pending. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (finding that a state habeas petition filed and denied before the federal limitations period began to run "ha[s] no effect on the timeliness of the ultimate federal filing").

///

///

2. Second, Third, and Fourth State Petitions

On January 30, 2024, Petitioner constructively filed his second state petition in the Fresno County Superior Court, which denied the petition on April 4, 2024. (LDs 5, 6.) On May 6, 2024, Petitioner filed his third state petition in the California Court of Appeal, which denied the petition on May 23, 2024. (LDs 7, 8.) On June 18, 2024, Petitioner filed his fourth state petition (a petition for review) in the California Supreme Court, which denied the petition on July 31, 2024. (LDs 9, 10.) Respondent does not argue that the second, third, and fourth state petitions were improperly filed and acknowledges that Petitioner is entitled to statutory tolling. (ECF No. 9 at 4.) Accordingly, Petitioner is entitled to statutory tolling for the period Petitioner's second, third, and fourth state petitions were pending.

3. Fifth and Sixth State Petitions

On August 21, 2024, Petitioner constructively filed his fifth state petition in the California Supreme Court, which denied the petition as repetitive on December 31, 2024. (LDs 11, 12.) Respondent argues that "[b]ecause the fifth state petition was improperly filed, it does not toll the limitation period." (ECF No. 9 at 5.) On January 31, 2025, Petitioner constructively filed his sixth state petition in the California Supreme Court, which denied the petition on June 18, 2025. (LDs 13, 14.)

Although the period between a lower court denial and the filing of a new petition in a higher court is generally tolled, the Ninth Circuit "employ[s] a general two-part test [King test] to determine whether the period between petitions filed in the same court are tolled." Stancle v. Clay, 692 F.3d 948, 953 (9th Cir. 2012) (citing Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010)).

> First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If not, these petitions constitute a "new round" and the gap between the rounds is not tolled. But if the petitioner simply attempted to correct the deficiencies, then the petitioner is still making proper use of state court procedures, and his application is still "pending" for tolling purposes. We thus construe the new petitions as part of the first "full round" of collateral review. We then ask whether they were ultimately denied on the merits or deemed untimely. In the former event, the time gap between the petitions is tolled; in the latter event it is not.

King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003) (per curiam) (some internal quotation marks and

citations omitted). The Court assumes, without deciding, that Petitioner is entitled to statutory tolling for the period before and during the pendency of his fifth and sixth state petitions.

4. Seventh State Petition

On September 23, 2025, Petitioner filed a resentencing petition in the Fresno County Superior Court, which denied the petition on October 6, 2025. "[A] petitioner is not entitled to statutory tolling between the conclusion of one round of state collateral review and the start of a subsequent round of state collateral review." Braggs v. Madden, No. 24CV167-AJB (MSB), 2025 WL 437923, at *5 (S.D. Cal. Feb. 7, 2025) (citing Biggs v. Duncan, 339 F.3d. 1045, 1048 (9th Cir. 2003)), report and recommendation adopted, 2025 WL 834502 (S.D. Cal. Mar. 17, 2025). Accordingly, Petitioner is not entitled to statutory tolling for the period before the superior court's consideration of the resentencing petition.

5. Conclusion

The Court finds that the instant federal petition was filed outside the one-year limitation period when statutory tolling is applied. As discussed above, Petitioner's first state habeas petition did not toll the limitation period. Three hundred and fifty-six days elapsed between the date Petitioner's state conviction became final (on February 7, 2023) and the date Petitioner filed his second state habeas petition in the Fresno County Superior Court (January 30, 2024). The Court assumes AEDPA's one-year clock stopped while Petitioner's second, third, fourth, fifth, and sixth state petitions were pending (January 30, 2024–June 18, 2025). As discussed above, Petitioner is not entitled to statutory tolling between the June 18, 2025 denial of his sixth state petition and the September 23, 2025 filing of his resentencing petition. Accordingly, the limitation period expired on June 27, 2025. Although Petitioner subsequently filed his resentencing petition, § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Based on the foregoing, the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.[5]

[5] Petitioner argues that he is entitled to statutory tolling for his resentencing petition. (ECF No. 12.) The Court notes that even if the Court assumes that Petitioner is entitled to statutory tolling before and during the superior court's consideration of the resentencing petition, the federal petition still would be untimely because there were only nine

**C. Equitable Tolling**

The limitation period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. Here, however, Petitioner has not made any showing that he is entitled to equitable tolling. Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

**D. Certificate of Appealability**

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

///

---

more days left on the one-year AEDPA clock and seventy-two days elapsed between the date the resentencing petition was denied (October 6, 2025) and the federal petition was constructively filed (December 18, 2025).

## III.

## ORDER

Accordingly, the Court HEREBY ORDERS that:

1. Respondent's motion to dismiss (ECF No. 9) be GRANTED;
2. The petition for writ of habeas corpus be DISMISSED as untimely;
3. The Clerk of Court is DIRECTED to CLOSE the case; and
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **July 30, 2026**

STANLEY A. BOONE
United States Magistrate Judge